UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE,<br><br>        Petitioner,<br><br>v.<br><br>LELAND McEWEN, Warden,<br><br>        Respondent. | Civil No. 10-2032-WQH(WVG)<br><br>REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

    On September 28, 2010, Petitioner Tommy Lee (hereafter "Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus (hereafter "Petition") pursuant to 28 U.S.C. §2254 challenging his San Diego Superior Court conviction in case number SCD150605.

    Respondent Leland McEwen (hereafter "Respondent") filed an Answer to the Petition. Petitioner filed a Traverse to the Respondent's Answer. The Court, having reviewed the Petition, the Answer, the Traverse, and the documents lodged therewith, find that Petitioner is not entitled to the relief requested and RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED.

I

PROCEDURAL HISTORY

On May 5, 2000, in the San Diego Superior Court, Petitioner was convicted by a jury of one count of Second Degree Murder [Cal. Penal Code §187(a)], one count of Evading an Officer, Causing Death [Cal. Veh. Code §2800.3], one count of Driving Under the Influence of Drugs Causing Injury [Cal. Veh. Code §23153(a)], personally inflicting great bodily injury upon the victim [Cal. Penal Code §12022.7(a)], and one count of Unlawful Driving a Vehicle [Cal. Veh. Code § 10851(a)].

On June 5, 2000, Petitioner was sentenced to 36 years, 4 months, to life imprisonment. (Respondent's Lodgment No. 1B). On December 10, 2001, the California Court of Appeal affirmed the judgment in an unpublished decision. (Respondent's Lodgment No. 5A at 1).

On November 28, 2005, the San Diego Superior Court granted Petitioner's Petition for Writ of Habeas Corpus, reversing Petitioner's conviction for Second-Degree Murder based on the decision in People v. Howard, 34 Cal. 4th 1129 (2005). Petitioner's case was remanded to set possible dates for re-trial on the murder charge and/or re-sentencing on Petitioner's remaining convictions. (Respondent's Lodgment No. 2 at 2).

On January 22, 2007, Petitioner was re-tried. Again, he was convicted by a jury of one count of Second Degree Murder [Cal. Penal Code §187(a)]. (Respondent's Lodgment No. 3). On April 3, 2007, Petitioner was sentenced to 15 years to life imprisonment on the Second-Degree Murder charge. The Superior Court confirmed the prior sentence given on all other counts and Petitioner was sentenced to

a total of 21 years, 4 months, to life imprisonment. (Respondent's Lodgment No. 4 at 1-2).

On July 1, 2008, Petitioner appealed the judgment based on the ground that the trial court committed reversible error when it found that Leonard Loehr (hereafter "Loehr") was unavailable as a witness based on Loehr's fear of testifying at Petitioner's second trial.

On April 17, 2009, the California Court of Appeal affirmed the judgment in an unpublished decision, concluding that the trial court acted within its discretion when it ruled that Loehr was an unavailable witness. The court rejected Petitioner's claim that his Right to Confrontation was violated. (Respondent's Lodgment No. 5B at 7).

In May 2009, Petitioner filed a Petition for Review in the California Supreme Court raising the same claim that he raised in the California Court of Appeal. (Respondent's Lodgment No. 6A). On July 8, 2009, the California Supreme Court denied the Petition for Review. (Respondent's Lodgment No. 6B).

On September 28, 2010, Petitioner filed the Petition for Writ of Habeas Corpus that is now pending in this Court. On January 11, 2011, Respondent filed an Answer to Petition for Writ of Habeas Corpus. On February 7, 2011, Petitioner filed a Traverse to Respondent's Answer.

II

FACTUAL BACKGROUND

The facts that follow are taken substantially from the California Court of Appeal's unpublished opinion in People v. Lee, No. D052388 and the record in that case. (Respondent's Lodgment No. 5B).

1    This Court gives deference to state court findings of fact and
2 presumes them to be correct, pursuant to 28 U.S.C. §2254(e)(1). See
3 Park v. Raley, 506 U.S. 20, 35-36 (1992) (questions of historical
4 fact, including inferences properly drawn from such facts, are
5 entitled to a statutory presumption of correctness); Sumner v. Mata,
6 449 U.S. 539, 545-47 (1981) (deference is owed to findings of both
7 state trial and appellate courts); Tinsley v. Borg, 895 F.2d 520,
8 524-26 (9th Cir. 1990) (factual findings of both state trial and
9 state appellate courts are entitled to a presumption of correctness
10 on federal habeas corpus review).
11 A. COMMITMENT OFFENSES
12    On January 30, 2000, San Diego County Sheriff's Deputies
13 pursued Petitioner, who was driving a stolen vehicle. Petitioner's
14 vehicle reached speeds of 70 to 90 miles per hour. He drove through
15 red lights. About seven miles from where the chase began, Peti-
16 tioner's vehicle ran a red light and collided with a silver vehicle.
17 Leonila Guerrero, a passenger in the silver vehicle was ejected and
18 crushed by the vehicle when it rolled on top of her. Leonila Guerrero
19 died from her injuries. Petitioner and his passenger, Loehr, were
20 arrested. (Respondent's Lodgment No. 5B at 1-2).
21    Subsequent to the arrest, Petitioner admitted to being the
22 driver of the vehicle and that he was fleeing from the deputies
23 because he knew the vehicle he was driving was stolen and he did not
24 want to be caught.
25 (Id. at 2).
26    In a pre-trial statement, Loehr admitted to officers that he
27 and Petitioner ingested methamphetamine before driving the stolen
28 vehicle. Loehr also told officers that Petitioner decided to flee

from, and planned to evade, the officers. Petitioner and Loehr were aware that the light was red before going through the intersection, immediately before the collision. (Id. at 2).

B. PETITIONER'S FIRST TRIAL

At Petitioner's first trial, Loehr testified that at that time, he was serving a prison sentence for auto theft and received immunity in exchange for testifying against Petitioner.

Loehr testified that he and Petitioner stole vehicles and drove around until they were spotted by deputies. Petitioner was driving the car and sped away when the deputies attempted to stop them. (Id. at 3).

C. PETITIONER'S SECOND TRIAL

At the time of Petitioner's second trial, Loehr was serving a prison sentence in Arizona. Loehr refused to testify at Petitioner's second trial for fear of being labeled a "snitch" in prison. Loehr was afraid that fellow prisons might retaliate against him by stabbing him upon his return to the Arizona prison. (Id. at 3).

The trial court appointed counsel for Loehr, and when Loehr still refused to testify, the trial court tentatively ruled that Loehr was an unavailable witness under California Evidence Code § 240. (Id. at 3-4). Petitioner did not object to the tentative ruling.

Then, the trial court spoke with Loehr outside of the jury's presence. With Loehr's counsel present, the trial court informed Loehr that he could be held in contempt for refusing to testify. Loehr indicated that he understood but continued to refuse to answer any questions asked of him. The court held Loehr in contempt of its order to testify, and ordered that he be held by the Sheriff. The court ruled that Loehr was unavailable as a witness under California

Evidence Code § 240 and that his testimony from Petitioner's first trial could be introduced by the prosecution. (Id. at 4). Petitioner did not object to this ruling.

Before Loehr's testimony was read to the jury, the court explained that Loehr was unavailable as a witness and that the jury was to evaluate his testimony as read, the same as any other witness. The testimony was then read to the jury and the jury returned its verdict. The court dismissed Loehr's contempt citation and ordered him released to the District Attorney's office to be transported back to prison in Arizona. (Id. at 4)

### III
### GROUND FOR RELIEF

Petitioner raises one ground for relief. Specifically, Petitioner claims that the trial court violated his Sixth Amendment Right to Confrontation when it permitted the former testimony of Loehr to be read into the record during Petitioner's second trial. He asserts that the court's ruling finding Loehr unavailable as a witness was constitutionally infirm.

### IV
### STANDARD OF REVIEW

In order for federal subject matter jurisdiction over a petition for writ of habeas corpus to lie, the petition must allege that the petitioner is in custody in violation of the Constitution or the laws or treaties of the United States. See 28 U.S.C.A. § 2254(a).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. The current petition was filed on September 28, 2010, and is therefore governed by the AEDPA. To obtain federal habeas relief, Petitioner must satisfy either §2254(d)(1) or §2254(d)(2). See Williams v.

Taylor, 529 U.S. 362, 403 (2000). The Supreme Court interprets §2254(d)(1) and (2) as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> Williams, 529 U.S. at 412-13.

A state court's decision may be found to be "contrary to" clearly established Supreme Court precedent (1) "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Id. at 405-06; Lockyer v. Andrade, 538 U.S. 63, 72-75 (2003). A state court decision involves an "unreasonable application" of clearly established federal law, "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or, "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Williams, 539 U.S. at 407; Andrade, 538 U.S. at 76.

In Williams, the United States Supreme Court stated that "clearly established Federal law" in 28 U.S.C. §2254(d)(1) "refers to the holdings," as opposed to the dicta of this Court's decisions as of the time of the relevant state court decision. Williams, 529 U.S. at 412. When there is no clearly established federal law on an

issue, a state court cannot be said to have unreasonably applied the law as to that issue. Casey v. Musladin, 549 U.S. 70, 74 (2006); Holley v.Yarborough, 568 F.3d 1091 (9th Cir. 2009).

> A state court must apply legal principles established by a [United States] Supreme Court decision when the case 'falls squarely within' those principles, but not in the cases where there is a 'structural difference' between the prior precedent and the case at issue, or when the prior precedent requires 'tailoring or modification' to apply to the new situation...We conclude that when a [United States] Supreme Court decision does not 'squarely address' the issue in the case, or establish a legal principle that 'clearly extends' to a new context to the extent required by the [United States] Supreme Court, it cannot be said, under the AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision.
> Moses v. Payne, 555 F.3d 742, 753-754 (9th Cir. 2009)

When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. Ylst v. Nunnmeaker, 501 U.S. 797, 801-806 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether that state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000)(overruled in part by Andrade, 538 U.S. at 74-77).

V

PETITIONER IS NOT ENTITLED TO RELIEF

Petitioner claims that his Sixth Amendment rights were violated under Crawford v. Washington, 541 U.S. 36 (2004), when Loehr was determined to be "unavailable" pursuant to California Evidence Code § 240 (hereafter "§ 240"). He claims that there was a constitutionally improper showing of witness unavailability at his second trial. Petitioner asserts that it was improper to find Loehr unavailable at

his second trial because there was little explanation that Loehr's fear of testifying had a reasonable factual basis, and that the trial court failed to take reasonable and available steps to procure Loehr's testimony. Therefore, Petitioner contends that the trial court erroneously found Loehr to be an unavailable witness and erroneously introduced Loehr's prior sworn testimony in lieu of live testimony. Additionally, Petitioner argues that the state court ruling unreasonably applied federal law.

Respondent argues (1) that Petitioner's failure to lodge a contemporaneous objection during his second trial is an independent and adequate state procedural bar, and he is therefore barred from raising his objection for the first time in his Petition now before the Court, (2) the admission of Loehr's sworn testimony at Petitioner's second trial did not violate Petitioner's confrontation rights pursuant to <u>Crawford</u>, and (3) if the state court did err by admitting Loehr's testimony, the error was harmless beyond a reasonable doubt.

### A. THERE IS NO UNITED STATES SUPREME COURT DECISION THAT SQUARELY ADDRESSES THE ISSUE IN THIS CASE

At the time Petitioner's claim was decided in the state courts, there was no United States Supreme Court decision that specifically addressed whether a witness should be found unavailable due to fear of inmate retaliation. The Court of Appeal analyzed the issue pursuant to California law and reasonably determined that a witness is unavailable pursuant to § 240[1] when the fear of inmate retaliation

---

[1] Section 240 states in pertinent part:
(a)... "unavailable as a witness" means that the declarant is any of the following:
...
(6) Persistent in refusing to testify concerning the subject matter of the declarant's statement despite having been found in contempt for refusal to testify.

(continued)

prevents a witness from testifying. Regardless of Loehr's reason for his refusal to testify, the fact remains that he persisted in his refusal to testify even after the trial court warned him of the consequences. Accordingly, under § 240(a)(6), Loehr was an "unavailable witness."

Petitioner does not offer any Supreme Court authority that applies to this case or that would extend to the issue he presents in his Petition. Nor has the Court found any such authority. Therefore, since there is no clearly established Supreme Court decision on this issue, the California Court of Appeal cannot be said to have unreasonably applied the law as to the issue presented in the Petition. Carey, 549 U.S. at 74, Holley, 568 F.3d at 1098. As a result, the Court RECOMMENDS that Petitioner's claim be DENIED.

B. PETITIONER'S FAILURE TO OBJECT IN STATE COURT CREATED A PROCEDURAL BAR FOR FEDERAL COURT REVIEW

Respondent argues that since the state court ruled that Petitioner's claim was barred from appellate review for lack of contemporaneous objection at his second trial, an independent and adequate state procedural bar exists as to Petitioner's claim, and

---

Federal Rule of Evidence 804 states in pertinent part:
(a) "Unavailability of a witness" includes situations in which the declarant–
...
(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so...
...
(b) The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
...
(1) Testimony given as a witness at another hearing of the same or a different proceeding... if the party against whom the testimony is now offered... had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

The Court notes that § 240(a)(6) and Federal Rule of Evidence 804(a)(2) are substantially the same.

review by this Court is barred. Petitioner disagrees, arguing that his claim is not barred from review in this Court.

There is a "presumption that when the California Supreme Court's last unexplained order did not reach the merits, the bar of procedural default [from the last actual state opinion]... has not been overcome." Ylst, 501 U.S. at 806.

In this case, the procedural bar at issue is California's "contemporaneous objection" rule. The last state court opinion discussing Petitioner's claim is the opinion of the California Court of Appeal, which concluded that Petitioner's claims should have been raised at trial, thus invoking the procedural bar:

> We conclude the issue regarding the basis of Loehr's fears could and should have been raised at trial...[B]efore jury selection, Loehr's unwillingness to testify was known to the court, appellant, and all counsel... At each stage, defense counsel was present and could have requested further factual inquiry. Nothing in the procedural posture of the case prevented defense counsel from requesting an additional factual foundation for Loehr's fears. The matter was not "fully litigated" such that an objection would have been useless. In any event, we conclude the record and case law support the trial judge's finding Loehr was unavailable due to his fear of inmate retaliation.
> (Respondent's Lodgment No. 5B at 5-6).

Therefore, a presumption exists that the lack of a contemporaneous objection at Petitioner's second trial created a bar to federal review.

"Under Section 353 of California's Evidence Code...[California's contemporaneous objection rule]... evidence is admissible unless there is an objection, the grounds for the objection are clearly expressed, and the objection is made at the time the evidence is introduced...[This] rule is consistently applied when a party has failed to make *any* objection to the admission of evidence." Melendez

v. Pliler, 288 F.3d 1120, 1125 (9th Cir. 2002)(citation omitted); see also Garrison v. McCarthy, 653 F.2d 374, 377 (9th Cir. 1981).

Moreover, "federal habeas review of [Petitioner's] claims is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see Ylst, 501 U.S. at 806, citing Murray v. Carrier, 477 U.S. 478 (1986); see also Wainwright v. Sykes, 433 U.S. 72 (1977)(the burden is on petitioner to show cause and prejudice), Keyes v. Yarbrough, 181 Fed.Appx. 655 (9th Cir. 2006)(petitioner's federal habeas review of his Confrontation Clause claim is procedurally barred after he failed to contemporaneously object in a California state trial court); Moya v. Sullivan, 2010 WL 1023940, at *7 (C.D. Cal. 2010).

In this case, Petitioner did not object to Loehr's prior testimony being read into evidence at his second trial at *any* time before, during, or after, his second trial, including immediately before Loehr's testimony was read into evidence. (Respondent's Lodgments Nos. 7-10). Therefore, Petitioner's claim is barred in this Court unless he can demonstrate there is cause and prejudice, or that a failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

"The existence for cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. at 488; See Garrison, 653 F.3d at 378.

Petitioner has not introduced *any* evidence to support or suggest any external factors inhibiting him (or his attorney) from objecting to the introduction of Loehr's testimony during his second trial. Furthermore, the Court of Appeal noted that "[n]othing in the procedural posture of the case prevented defense counsel from requesting additional factual foundation for Loehr's fears." (Respondent's Lodgment No. 5B at 5). Therefore, Petitioner has not established cause and the Court need not determine whether Petitioner was prejudiced by the procedural default. McCleskey v. Zant, 499 U.S. 467, 502 (1991). The Court must next determine whether Petitioner would suffer a "miscarriage of justice," should the procedural bar stand.

"To qualify for the fundamental miscarriage of justice exception to the procedural default rule...[Petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." See Briseno v. Walker, 2010 WL 3430402 at *10 (E.D. Cal. 2010) quoting Cook v. Schriro, 538 F.3d 1000, 1028 (9th Cir. 2008); see also Murray, 477 U.S. at 496).

Petitioner has not asserted that a failure to consider his claims will result in a fundamental miscarriage of justice, nor has he suggested his innocence, or provided any evidence in support of his innocence with regard to the offenses in question. See Briseno, 2010 WL 3430402 at *9. Therefore, Petitioner has not established the requisite cause and prejudice, nor has he clearly defined any miscarriage of justice. Therefore, he is procedurally barred from seeking habeas corpus relief in this Court. As a result, the Court RECOMMENDS Petitioner's claim be DENIED.

### C. LOEHR WAS CORRECTLY FOUND TO BE AN UNAVAILABLE WITNESS; PETITIONER'S RIGHT TO CONFRONTATION WAS NOT VIOLATED

Petitioner argues that the showing of Loehr's unavailability because of his fear of inmate retaliation was constitutionally improper under <u>Crawford v. Washington</u> because (1) there was an insufficient factual basis supporting Loehr's fear of testifying, and (2) the state court should have used every means available to compel Loehr's testimony at Petitioner's second trial.

Respondent urges that the state court's decision rejecting Petitioner's Confrontation Clause violation claim was not contrary to the holding in <u>Crawford</u> and that Loehr was correctly found to be an unavailable witness based on fear, pursuant to <u>People v. Rojas</u>, 15 Cal.3d 540 (1975). Petitioner responded that <u>Rojas</u> is factually distinguishable from the instant case.

<u>Crawford</u> sets forth the requirements for introducing testimonial evidence from an unavailable witness: "Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had the prior opportunity to cross-examine." <u>Crawford v. Washington</u>, 541 U.S. 35, 59 (2004). "Where testimonial evidence is at issue,... the Sixth Amendment demands... unavailability and a prior opportunity for cross-examination... '(T)estimonial'... applies at a minimum to prior testimony... at a formal trial." <u>Id.</u>, at 68; <u>Leavitt v. Arave</u>, 383 F.3d 809, 830 (9th Cir. 2004).

There is no dispute that Loehr's statements were testimonial and that Petitioner had the opportunity to cross examine Loehr at his first trial. (Respondent's Lodgment No. 5B at 7). Moreover, Petitioner had the *same* motivation to cross-examine Loehr at his first trial that he did at his second trial.

Federal courts have held that under these circumstances, finding a witness to be unavailable is proper. <u>Williams v. Nelson</u>, 435 F.2d 1293 (9th Cir. 1971); <u>U.S. v. Mobley</u>, 421 F. F2d 345, 350-351 (5th Cir. 1970); <u>Mason v. U.S.</u>, 408 F2d 903 (10th Cir. 1969).

The California Court of Appeal found that Loehr was correctly determined to be unavailable, pursuant to <u>People v. Rojas</u>, <u>supra</u>:

> In any event, we conclude the record and case law support the trial judge's finding Loehr was unavailable due to his fear of inmate retaliation. As the parties recognize, the leading case is *People v. Rojas* (1975) 15 Cal.3d 540. There, the court held a witness's refusal to testify for fear of being labeled a snitch and having retaliatory acts performed created a mental condition that provided a sufficient basis for finding the witness unavailable pursuant to [California] Evidence Code section 240. As the court in Rojas noted: "No [sufficient] reason appears to us why the former testimony of a witness who is present in court but refuses to testify because he is in fear of his safety or that of his family should not be used when that of a witness, who claims privilege or who is absent from the hearing and his attendance cannot be compelled or procured, can be used." (*People v. Rojas, supra*, 15 Cal.3d at p.551, fn. omitted.)
>
> The result here is the same. Loehr testified and was cross-examined in the first trial. He was in prison in another state facing a lengthy prison term. He told the court and counsel he feared for his safety in his particular prison environment, something he would be personally able to understand and express. There was no further fact-specific testimony pertaining to individual threats or actions by others. As appellant notes, there are cases that point out such existing facts. These cases however do not set forth specificity requirements. Indeed *People v. Quaintance* (1978) 86 Cal.App.3d 594, holds a sufficient factual basis for a witness's fear of testifying if the witness who is incarcerated can express that fear based on observations within his surroundings. (*Id.* at 600.). That is what occurred here.
> (Respondent's Lodgment No. 5B at 6).

"The state bears the burden of establishing the predicate of unavailability for the admission of a hearsay statement." <u>Cole v. Tansy</u>, 926 F.2d 955, 957 (10th Cir. 1991)(citations omitted). "The lengths to which the state must go to produce a witness is a question

of reasonableness." Cole, 926 F.2d at 957, citing California v. Green, 399 U.S. 149, 189 (1970).

In general, "[w]hether [a witness] testified in a manner that is consistent or inconsistent with his [prior testimony]... *or simply refused to answer*, nothing in the Confrontation Clause prohibit[s] the state from also relying on [the witness's] *prior testimony* to prove its case." Green, 399 U.S. at 167-68 (1970)(emphasis added).

Petitioner's case is factually indistinguishable from People v. Rojas, supra. In Rojas, the court held that a witness' "refusal to testify on the grounds of fear for the safety of his person and that of his family rendered him unavailable as a witness within the meaning of Section 240, subdivision (a)(3)[of the California Evidence Code]" as a mental infirmity. Rojas, 15 Cal.3d at 552.

The same is true in Petitioner's case. Loehr's fear of testifying arose from his fear of being labeled a "snitch" and his fear of suffering retaliation in prison after testifying against Petitioner. Regardless of being held in contempt of court, Loehr continued to refuse to testify and his prior testimony was read into evidence pursuant to § 240.

A small number of federal courts have addressed the issue presented here, reasoning that fear of testifying is sufficient to declare a witness unavailable to testify, although to date, the issue has not been fully explored by any federal court. See Mendoza v. Sisto, 2008 WL 2025144, at *10-*11 (E.D.Cal. 2008) (witness deemed unavailable pursuant to § 240 due to fear for his and his family's safety); Jennings v. Maynard, 946 F.2d 1502, 1505 (10th Cir. 1996) (witness deemed unavailable due to threats made to witness and his family); U.S. v. Thomas, 2000 WL 236481 (N.D.N.Y. 2000) (witness

deemed unavailable due to fear for his life; prior trial testimony is admitted without an order to testify).

Here, Petitioner challenges the sufficiency of the evidence supporting the trial court's determination that Loehr's fear was justified. Further, he asserts that the trial court should have taken further steps to compel Loehr's testimony.

However, the Court of Appeal stated:

> [Petitioner] suggests the court could have held Loehr on a misdemeanor contempt charge and continued the trial until Loehr agreed to testify. However, as [Petitioner] acknowledges, Loehr was already in custody. It is unlikely the threat of custody would have had much effect... [t]here is no suggestion defense counsel wanted a delay of trial, and the trial court could not, on its own, compel such a result.... [w]e conclude the trial court acted within its discretion when it ruled Loehr was an unavailable witness.(Respondent's Lodgement No. 5B at 7).

This Court agrees with the Court of Appeal. There does not appear to be anything short of holding Loehr in contempt of court to have had him testify at Petitioner's second trial. As the Court of Appeal recognized, Loehr was already in custody serving a long prison sentence. Practically and logically, substituting the custody attendant with contempt for the custody of a prison sentence was unlikely to produce the desired result: Loehr's testimony. Therefore, to hold him in contempt of court and jailing him until he agreed to testify, would have been futile.

Further, since there is no United States Supreme Court decision on the issue raised by Petitioner, and a paucity of federal cases discussing the issue, the Court can not find that the trial court at Petitioner's second trial should have sought more evidence to justify its finding that Loehr was unavailable. Therefore, the Court concludes that the Court of Appeal correctly determined that Loehr was unavailable to testify at Petitioner's second trial due to

fear of inmate retaliation. As a result, Petitioner's Right of Confrontation was not violated. Therefore, the Court RECOMMENDS Petitioner's claim be DENIED.

D. IF THE TRIAL COURT ERRED IN ADMITTING LOEHR'S TESTIMONY, THE ERROR WAS HARMLESS

Respondent argues that even if the Court finds that the trial court erred by admitting Loehr's earlier sworn testimony at Petitioner's second trial, (which it does not), Petitioner is not entitled to federal habeas corpus relief because the alleged error, if any, was harmless. Brecht v. Abrahamson, 507 U.S. 619. Petitioner incorrectly applies Chapman v. California, 386 U.S. 18 (1967) to his claims and contends that the constitutional error was not harmless as to the issue of implied malice.

Although Petitioner is correct that the Chapman harmless error test generally applies to constitutional errors, the analysis differs for habeas corpus relief. See Ocampo v. Vail, __F.3d__, 2011 WL 2275798 at *14 fn. 17 (9th Cir. 2011); Whelchel v. Washington, 232 F.3d 1197 (9th Cir. 2000).

"A Confrontation Clause analysis is subject to harmless error analysis... [and] [i]n the context of habeas petitions, the standard of review is whether a given error has substantial and injurious effect or influence in determining the jury's verdict." Ocampo, supra, at *14; Whelchel, 232 F.3d at 1205-1206 (citations omitted); see also Christian v. Rhode, 41 F.3d 461, 468 (9th Cir. 2000); Brecht v. Abrahamson, 507 U.S. at 637.

"If a habeas court is left with a grave doubt about whether constitutional error substantially influenced the verdict, then the error was not harmless." Slovik v. Yates, 556 F.3d 747, 755 (9th Cir. 2009) citing Parle v. Runnels, 387 F.3d 1030, 1044 (9th Cir. 2004).

"In making this inquiry, the court must review the record to determine what effect the error had or reasonably may be taken to have had upon the jury's decision." <u>Slovik</u>, 556 F.3d at 755 (citations omitted). The court should use factors in its inquiry such as the importance of the witness' testimony to the prosecution's case, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, and the overall strength of the prosecution's case. <u>Slovik</u>, 556 F.3d at 755.

In this case, the California Court of Appeal found:

> [T]he testimony of the officers who observed appellant's driving and saw the accident established the prosecution's case against [Petitioner]. Even assuming the trial court erred in failing to take additional steps to compel Loehr's testimony, the error was harmless ... Sheriff's deputies who engaged in the approximately six-mile chase watched as [Petitioner] ignored traffic laws and drove at speeds reaching 70 to 90 miles per hour, through red lights, and without regard for the safety of others. They saw his car smash into the victim's car at approximately 50 miles an hour. An accident reconstruction expert corroborated the officer's testimony. Appellant admitted driving. He admitted attempting to evade the police. These facts substantiate [Petitioner] acted with malice. [Petitioner] cannot show he would have received a more favorable verdict if Loehr's testimony was not read to the jury... Moreover, the facts support the jury's conclusion that, beyond a reasonable doubt, [Petitioner] acted with implied malice.

(Respondent's Lodgment No. 5B at 7-8)(citations omitted).

The Court agrees with the Court of Appeal. While Loehr's in-court testimony may have been helpful (only if Loehr was willing to recant the testimony he gave at Petitioner's first trial, and there was no guarantee that would have happened), Sheriff's deputies also witnessed Petitioner's conduct that caused the accident. An accident reconstructionist corroborated how the accident occurred. The ample evidence offered by the prosecution support the jury's conclusion that Petitioner acted with implied malice. Therefore, the absence of Loehr's in-court testimony did not cause a fundamental difference in

the result of the case. Therefore, any error in excusing Loehr's testimony as an unavailable witness was harmless error. As a result, this Court RECOMMENDS that Petitioner's claim be DENIED.

VI

CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter, the undersigned Magistrate Judge RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED with prejudice.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than July 21, 2011, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than August 4, 2011. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2011

Hon. William V. Gallo
U.S. Magistrate Judge