1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    TOMMY LEE,                              CASE NO. 10cv2032 WQH (WVG)

12                          Petitioner,       ORDER
              vs.
13    LELAND McEWEN, Warden

14                          Respondent.

15    HAYES, Judge:

16          The matter before the Court is the Report and Recommendation (ECF No. 11) of

17    Magistrate Judge William V. Gallo recommending that this Court deny the Petition for Writ

18    of Habeas Corpus (ECF No. 1).

19                                    BACKGROUND

20          On May 5, 2000, a jury convicted Petitioner in San Diego County Superior Court of one

21    count of Second Degree Murder (Cal. Penal Code § 187(a)), one count of Evading an Officer,

22    Causing Death (Cal. Veh. Code § 2800.3), one count of Driving under the Influence of Drugs

23    Causing Injury (Cal. Veh. Code § 23153(a)) and personally inflicting great bodily injury upon

24    the victim (Cal. Penal Code § 12022.7(a)), and one count of Unlawful Driving of a Vehicle

25    (Cal. Veh. Code § 10851(a)).  (Lodgment No. 1B).  On June 5, 2000, the trial court sentenced

26    Petitioner to 36 years, 4 months to life imprisonment.  *Id*.

27          On November 28, 2005, the San Diego Superior Court granted Petitioner's Petition for

28    Writ of Habeas Corpus, reversing Petitioner's conviction for Second-Degree Murder based on

1    the decision in *People v. Howard*, 34 Cal. 4th 1129 (2005). (Lodgment No. 2).

2       On January 22, 2007 Petitioner was re-tried and again convicted by a jury of one count

3 of Second Degree Murder (Cal. Penal Code § 187(a)). (Lodgment No. 3). On April 3, 2007,

4 the trial court sentenced Petitioner to 15 years to life imprisonment on the Second-Degree

5 Murder charge. The trial court confirmed the prior sentence given on all other counts and

6 Petitioner was sentenced to a total of 21 years, 4 months to life imprisonment. (Lodgment No.

7 4).

8       On July 1, 2008, Petitioner appealed the judgment on the basis that the trial court

9 committed reversible error when it found that Leonard Loehr was unavailable as a witness

10 based on Loehr's fear of testifying at Petitioner's second trial. (Lodgment No. 5). Loehr, a

11 passenger in the car driven by Petitioner, testified in Petitioner's first trial. Loehr, who was

12 incarcerated in Arizona at the time of Petitioner's second trial, refused to testify in Petitioner's

13 second trial for fear he would be labeled a "snitch" and subjected to retaliation by fellow

14 inmates. The trial court appointed counsel to represent Loehr, held Loehr in contempt, and

15 ordered that Loehr be held by the sheriff. The trial court ruled that Loehr was unavailable as

16 a witness and that his testimony from the first trial could be introduced by the prosecution.

17 (Lodgment No. 5B).

18       On April 17, 2009, the California Court of Appeal affirmed the judgment in an

19 unpublished decision, concluding that the trial court acted within its discretion when it ruled

20 that Loehr was an unavailable witness. The court rejected Petitioner's claim that his

21 constitutional right to confrontation was violated. *Id*.

22       In May 2009, Petitioner filed a Petition for Review in the California Supreme Court

23 raising the same claim that he raised in the California Court of Appeal. (Lodgment No. 6A).

24 On July 8, 2009, the California Supreme Court denied the Petition for Review without

25 comment. (Lodgment No. 6B).

26       On September 28, 2010, Petitioner, proceeding pro se, filed the Petition for Writ of

27 Habeas Corpus  pursuant to 28 U.S.C. § 2254 in this Court. (ECF No. 1). The Petition

28 contains a single ground for relief: "The state trial court violated petitioner's Sixth Amendment

right to confrontation when it admitted the former testimony of witness who was not shown to be unavailable to testify." *Id*. at 6.

On January 11, 2011, Respondent filed an Answer to the Petition.  (ECF No. 8)

On February 7, 2011, Petitioner filed a Traverse.  (ECF No. 10).

On June 21, 2011, the Magistrate Judge issued the Report and Recommendation  (ECF No. 11) and recommended that the Petition be denied.  The Magistrate Judge stated that "Petitioner does not offer any Supreme Court authority that applies to this case or that would extend to the issue he presents in his Petition....  Therefore ... the California Court of Appeal cannot be said to have unreasonably applied the law as to the issue presented in the Petition." *Id*. at 10.  The Magistrate Judge stated that "Petitioner did not object to Loehr's prior testimony being read into evidence at his second trial at *any* time before, during, or after his second trial, including immediately before Loehr's testimony was read into evidence.  Therefore, Petitioner's claim is barred in this Court unless he can demonstrate there is cause or prejudice...." *Id.* at 12 (emphasis in original).  The Magistrate Judge found that Petitioner "has not established the requisite cause and prejudice, nor has he clearly defined any miscarriage of justice.  Therefore, he is procedurally barred from seeking habeas corpus relief in this Court." *Id*. at 13.   The Magistrate Judge stated that Loehr was correctly found to be unavailable under *Crawford v. Washington*, 541 U.S. 35 (2004), and Petitioner's Confrontation Clause rights were not violated. *Id.* at 14.  The Magistrate Judge stated that "if the trial court erred in admitting Loehr's testimony, the error was harmless." *Id*. at 18.

On July 18, 2011, Petitioner filed Objections to the Report and Recommendation. (ECF No. 12).  Petitioner objects that "a square holding [by the United States Supreme Court] is not required in this case." *Id*. at 1.  Petitioner contends that Loehr's "claimed fear of retaliation if he testified was not based on any factual showing that inmates in Arizona, where he was housed and whom he claimed he feared, could possibly find out if he testified in a proceeding in San Diego." *Id*. at 3-4.  Petitioner contends that "there was a possibility that threatening Loehr with a prosecution for criminal contempt and the six-month jail term it carried might have caused him to testify." *Id*. at 8.  Petitioner contends that there was no procedural bar

because the California Court of Appeals did not rely solely upon procedural default in rejecting Petitioner's claim. *Id*. at 4-5. Petitioner contends that Loehr was incorrectly found to be an unavailable witness, and that the error was not harmless. *Id*. at 5-9.

STANDARD OF REVIEW

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

DISCUSSION

Petitioner objects to the Report and Recommendation in its entirety. Accordingly, the Court reviews the Petition and the Report and Recommendation *de novo*.

The Magistrate Judge correctly found that this Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254. Under this standard, a "petition cannot be granted unless the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (quotation omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010).

After reviewing Petitioner's objections and the entire record, the Court concludes that the Magistrate Judge correctly applied these standards in determining that Petitioner is not entitled to habeas relief. The Magistrate Judge correctly found that Petitioner failed to show that the state court decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Cf. California v. Green*,

399 U.S. 149, 166-68 (1970) ("[A]s a constitutional matter, it is untenable to construe the Confrontation Clause to permit the use of prior testimony to prove the State's case where the declarant never appears, but to bar that testimony where the declarant is present at the trial, exposed to the defendant and the trier of fact, and subject to cross-examination....  Whether [the declarant] then ... claimed his privilege against compulsory self-incrimination or *simply refused to answer*, nothing in the Confrontation Clause prohibited the State from also relying on his prior testimony to prove its case against [the defendant].") (emphasis added).  The Magistrate Judge correctly found that, even if the trial court erred finding Loehr unavailable and admitting Loehr's testimony from the first trial, the error was harmless.  See Lodgment No. 5B at 7-8 (California Court of Appeal decision); *cf. Slovik v. Yates*, 556 F.3d 747, 755 (9th Cir. 2009) ("Confrontation Clause errors are subject to harmless-error analysis....   [I]n reviewing state court decisions for harmless error in the context of a habeas petition, federal courts review to determine if the error had 'a substantial and injurious effect or influence in determining the jury's verdict.'") (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). Petitioner's Objections are overruled, the Report and Recommendation is adopted, and the Petition is denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court denied the Petition, the Court finds that Petitioner raised colorable, nonfrivolous, constitutional arguments with respect the sole claim in the Petition.  A certificate of appealability is granted.

1

CONCLUSION

2      IT IS HEREBY ORDERED that (1) the Report and Recommendation (ECF No. 11) is

3   ADOPTED in its entirety; and the Petition for Writ of Habeas Corpus (ECF No. 1) is

4   DENIED.  A certificate of appealability is GRANTED.  The Clerk of the Court shall close this

5   case.

6

7   DATED:  August 24, 2011

8                                                    _William Q. Hayes_____

**WILLIAM Q. HAYES**

9                                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28